UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Miguel A.F., | Civil No. 26-686 (DWF/DJF) |
| Petitioner, | |
| v. | |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security, in their official capacities*; U.S. Department of Homeland Security; Pamela Bondi, *U.S. Attorney General, in their official capacities*; Todd M. Lyons, *in their official capacities*; and U.S. Immigration and Customs Enforcement, | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Miguel A.F.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States (the "Petition"). (Doc. No. 1.) Respondents filed a form response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. No. 4.) For the reasons set forth below, the Court grants the Petition and orders Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a citizen of Mexico and a resident of Crystal, Minnesota in Hennepin County. (Doc. No. 1 ¶ 27.) Petitioner entered the United States in 2007 without inspection. (*Id.* ¶ 1.) For close to twenty years, Petitioner has been living in Minnesota

with his family.  (*Id.* ¶¶ 2, 29-30.)  Petitioner works at Wendy's and lives with his wife, son, daughter-in-law, and three grandchildren.  (*Id.* ¶ 29.)  He regularly attends church with his wife, enjoys spending time with his family, and attends his grandchildren's dance and sporting events.  (*Id.* ¶ 30.)  Petitioner has no criminal record.  (*Id.* ¶ 31.)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on January 25, 2026, in Hennepin County.  (*Id.* ¶¶ 3, 33.)  At the time of his arrest, Petitioner was riding in a car with his wife and son on their way to church.  (*Id.* ¶ 3.)  ICE agents did not cite a statutory basis for Petitioner's detention.  (*Id.*)  Upon information and belief, Petitioner is currently detained in Minnesota.  (*Id.* ¶¶ 4, 33, 35.)

Petitioner filed the Petition on January 26, 2026.  (*Id.* at 17.)  Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Fourth and Fifth Amendment and the Immigration and Nationality Act, and because he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  (*Id.* ¶¶ 7, 37-62.)[1]  Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226 within three days.  (*Id.* at 15-16.)  On January 27, 2026, the Court ordered Respondents to answer the Petition on or before January 30, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner

---

[1]   Because the Court concludes that § 1225(b) does not apply to Petitioner, and therefore Petitioner is entitled to relief regardless of whether he is a member of the class, the Court need not address the effect of *Maldonado Baustista*.

from this District pending further order. (Doc. No. 3.) Respondents timely filed a form response. (Doc. No. 4.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (*See* Doc. No. 4.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with

the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for nearly twenty years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.	Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.	The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3.	Respondents are **ORDERED** to release Petitioner from custody immediately.

4.	Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5.	Respondents are directed to release Petitioner:  (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without conditions such as ankle monitors or tracking devices; and (4) with all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.  In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner or otherwise provide notice immediately after release.

6.	Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

7. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 30, 2026                             s/Donovan W. Frank
                                                                        DONOVAN W. FRANK
                                                                        United States District Judge